IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THUAN M. PHAM,

    Petitioner,

v.                                                    Civil Action No. 2:16cv99
                                                    (Judge Bailey)

JENNIFER SAAD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

On November 18, 2016, *pro se* Petitioner, Bruce Proctor ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Thereafter, Petitioner was granted leave to amend his petition. Petitioner, who is a federal inmate housed at FCII Hazelton, is challenging the validity of his sentence imposed in the United States District Court for the Northern District of Texas. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.    PROCEDURAL HISTORY[1]**

On June 3, 2005, Petitioner pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(C), and one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)(C) and 18 U.S.C. § 2. On September 27, 2005, the district court sentenced Petitioner to

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Western District of Pennsylvania, No. 4:05-cr-056 available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

188 months of imprisonment and a three-year term, of supervised release. ECF No. 117. Petitioner did not file a notice of appeal from the judgment of sentence.

On February 6, 2012, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 152], which the court denied on February 22, 2012. ECF No. 153. On April 20, 2012, Petitioner filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel as the basis for relief. ECF No. 155. More specifically, Petitioner argued that his counsel failed to object to alleged errors in the presentence report and failed to inform him that the court improperly relied on these alleged errors in determining his sentence. Petitioner filed a second motion under 18 U.S.C. § 3582(c)(2) raising the same grounds for relief as asserted in the motion filed on February 6, 2012. Accordingly, the second motion was denied for the same reasons outlined in the court's order of February 22, 2012. ECF No. 157. On June 12, 2012, the district court denied Petitioner's § 2255 as untimely. 4:12-cv-00241-A (ECF No. 4).

On March 22, 2013, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255. As grounds for relief, Petitioner complained that the court imposed an illegal sentence through misapplication of the sentencing guidelines. The district court concluded that was the same claim raised in his first motion under § 2255. Therefore, the district court dismissed the March 22, 2013, petition as second or successive on March 25, 2013. ECF No. 4.

On February 29, 2016, Petitioner filed a Motion for Authorization to File a Second or Successive Motion to Vacate under 28 U.S.C. § 2255. ECF No. 175. On March 1, 2016, an order was entered transferring the motion to the United States Court of Appeals for the Fifth Circuit. Petitioner alleged that he did not have the prerequisite number of prior convictions to qualify for a career offender enhancement. The motion was denied on May 18, 2016. 16-10224

(5th Cir.). On June 14, 2016, Petitioner filed another Motion for Authorization to File a Second or Successive Motion to Vacate. Petitioner relied on the Johnson decision and subsequent Welch decision to support his claim that the district court improperly utilized an enumerated offense of robbery to sentence him as a career offender under §4B1.2 of the sentencing guidelines. Petitioner's motion was denied on June 27, 2016. 16-10775 (5th Cir.).

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court Petitioner alleges that his trial counsel failed to investigate his case and failed to argue that the government's use of a prior conviction did not constitute a crime of violence under § 4B1.2(A)(2) of the sentencing guidelines. More specifically, Petitioner alleges that robbery in the state of Texas does not fall under the residual clause. In his amended petition, Petitioner cites *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), *Descamps v. United States*, 136 S. Ct. 2276 (2013) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) for the proposition that his prior state conviction for aggravated robbery in the state of Texas cannot be used to establish him as a career offender. For relief, Petitioner seeks an order remanding his case for resentencing without the career offender enhancement.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District

Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

V. **DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

4

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2] *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).

under the ACCA)[3] for relief as well as the decisions in *Descamps*[4] and *Hinkle*[5]. However, none of these decisions decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy the § 2255's savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[3] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S. Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. *Id*.

[4] In *Descamps*, the Supreme Court clarified that the "modified categorical approach" may only be used to determine whether an offense is a "violent felony" if the statute being reviewed is "divisible" (*i.e.*, the statute sets forth alternative elements of the crime). The *Descamps* Court emphasized that its prior decisions "all but resolve[d]" the matter. 133 S. Ct. at 2283. Accordingly, the *Descamps* decision was neither a new substantive rule, nor a watershed procedural rule, and, thus, case law indicates that *Descamps* does not apply retroactively on collateral review. *See, e.g., In re: Jackson*, 776 F.3d 292 (5th Cir. 2015); *Groves v. United States*, 755 F.3d 588 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750 (11th Cir. 2014).

[5] In *Hinkle*, the Fifth Circuit addressed on a direct appeal whether in light of the *Mathis* decision, the defendant's Texas convictions for burglary and delivery of a controlled substance constituted a predicate offense under the career offender guidelines.

Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 31, 2017

*/s James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE